**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

JORGE BROCKMAN

    v.                                       Civil No. 26-cv-351-JL-TSM

FEDERAL BUREAU OF PRISONS

### REPORT AND RECOMMENDATION

Jorge Brockman, a federal prisoner at FCI Oxford in Wisconsin, filed the instant Petition (Doc. No. 1), for a writ of habeas corpus under 28 U.S.C. § 2241.  His § 2241 Petition is here to determine whether Mr. Brockman has asserted facially valid claims within this court's jurisdiction. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to petitions filed under § 2241); LR 4.3(d)(4).

### BACKGROUND

Mr. Brockman is serving a federal criminal sentence imposed in United States v. Brockman, No. 8:02-cr-00136-SDM-SPF-4 (M.D. Fla.).  Mr. Brockman's Petition asserts that in 2023 he was incarcerated at FCI Berlin, and that this court's rulings at that time caused the Federal Bureau of Prisons ("BOP") to apply earned time credits under the First Step Act to accelerate Mr. Brockman's release date.[1]

Asserting claims of violations of his federal rights, the instant Petition challenges the BOP's October 2025 "Detainer Action Letter" (Doc. No. 1, at pg. 3), which purports to find that Mr. Brockman is the subject of a final order of removal.  The Petition also challenges the BOP's

---

[1] The docket maintained by the Clerk's Office in the District of New Hampshire indicates that this case is Mr. Brockman's first § 2241 Petition filed here.  This court is unaware of any ruling it issued in any case specifically affecting the BOP's sentence calculations for Mr. Brockman.

determination that none of Mr. Brockman's earned time credits under the First Step Act may be applied to his sentence because of his detainer.

**DISCUSSION**

A petitioner seeking relief under § 2241 must file his Petition in the judicial district with jurisdiction over the petitioner's immediate custodian at the time the petition is filed. See 28 U.S.C. § 2241; see also Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Mr. Brockman placed this pro se § 2241 petition in the prison mail system while he was imprisoned at FCI Oxford in Wisconsin. This court does not have territorial jurisdiction over the FCI Oxford Warden, as that Warden's facility is located within the Western District of Wisconsin.

When a civil action is filed in a court that lacks jurisdiction, the court must transfer the action to the judicial district that had jurisdiction over the matter at the time the case was filed, unless a transfer is not in the interest of justice. See 28 U.S.C. § 1631. A transfer to the proper judicial district is presumptively preferable, but the presumption may be overcome if the administration of justice is better served by dismissal. See Britell v. United States, 318 F.3d 70, 73 (1st Cir. 2003).

The Western District of Wisconsin had jurisdiction over Mr. Brockman's Petition at the time he filed it. The record does not reflect any reason why transferring this matter there would not be in the interest of justice; that court may rule on the merits of the § 2241 Petition and may also issue any appropriate order relating to the as-yet unsatisfied filing fee or in forma pauperis application requirements. See May 8, 2026 Filing Fee Omitted Notice. Accordingly, the district judge should transfer this matter to the Western District of Wisconsin for further proceedings.

**CONCLUSION**

For the foregoing reasons, this court lacks jurisdiction over Mr. Brockman's § 2241 Petition, and, after the objection period and upon due consideration of any objection filed, the district judge should order this § 2241 Petition transferred to the Western District of Wisconsin for further proceedings.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. The objection period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

Talesha L. Saint-Marc
United States Magistrate Judge

May 12, 2026

cc:      Jorge Brockman, pro se